IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MATT CALVERT,           )
           )
          Plaintiff,      )
v.              )      Case No. CIV-21-165-RAW-JAR
           )
KILO KIJAKAZI,        )
Commissioner of the Social    )
Security Administration,     )
           )
         Defendant.   )

## REPORT AND RECOMMENDATION

Plaintiff Matt D. Calvert (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

The claimant was thirty-two years old at the time of the administrative hearing (Tr. 68). He possesses at least a high school education (Tr. 58). He has worked as a mirror specialist and heavy equipment operator (Tr. 57). The claimant alleges that he has been unable to work since August 16, 2019, due to limitations resulting from PTSD, a shoulder injury, and low back pain. (Tr. 54).

### Procedural History

On October 10, 2019, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Bill Jones ("ALJ") issued an unfavorable decision on March 17, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform light work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) excluding proven limitations from the RFC and (2) improperly utilizing the Vocational Expert's testimony.

### Limitations in the RFC

In his decision, the ALJ determined Claimant suffered from the severe impairments of disorder of the back, PTSD, and depressive disorder (Tr. 51). The ALJ concluded Claimant could perform light work except that if a cane is required, Claimant can carry light objects in the opposite hand. Claimant can perform work with only simple, routine, and repetitive tasks involving only simple work-related decisions and few, if any, workplace changes. The ALJ determined that Claimant could have no more than incidental contact with co-workers and supervisors but no contact with the general public. (Tr. 53).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of Mail Clerk, Silver Wrapper, and Router, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 58–59). As a result, the ALJ concluded Claimant has not been under disability from the alleged onset date of August 16, 2019 through the date of the decision. (Tr. 59).

Claimant contends the ALJ's RFC determination was incorrect in several ways. First, Claimant argues that the ALJ would have arrived at a more limited RFC if the ALJ had considered Claimant's history prior to the alleged onset date. Second, Claimant contends that the RFC does not include sufficient mental

4

limitations based on Claimant's history and severe impairments. Likewise, Claimant next argues that the RFC does not include sufficient physical limitations based on Claimant's need for a cane. Lastly, Claimant claims that the ALJ improperly analyzed Claimant's subjective complaints.

At the time of the ALJ's decision, there was additional evidence not available to the ALJ and thus was not considered. Although the Appeals Council reviewed this additional evidence and the information therein, they found it would not have reasonably changed the outcome of the decision.

"[T]he Appeals Council must consider additional evidence offered on administrative review—after which it becomes a part of our record on judicial review—if it is (1) new, (2) material, and (3) related to the period on or before the date of the ALJ's decision." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011) (citing *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004)). "[T]he Appeals Council is required only to 'consider' the new evidence—and a conclusory statement that it has done so is sufficient." *Vallejo v. Berryhill*, 849 F.3d 951, 953 (10th Cir. 2017). But because the additional evidence was accepted into the record, the Court must consider whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the additional evidence. *Id.* at 956 (holding that when evidence is submitted to the Appeals Council and it becomes part of the record, the district court must "conduct a substantial evidence review by assessing the entire agency record," including the new "never-before assessed opinion.").

The ALJ found that Claimant's mental impairments were not entirely

consistent with the alleged intensity. In doing this, the ALJ considered that Claimant was not on medications throughout the review period, had mental status exams that most often exhibited normal behavior, and that Claimant's daily activities suggested that he was not as limited to the extent claimed.[2] The ALJ considered the mental assessments available to him, including that often during mental assessments providers noted that Claimant was appropriately groomed, had good eye contact, was cooperative and engaged with normal speech, often was in a euthymic or upbeat mood with appropriate affect, showed normal psychomotor activity, had organized and goal directed thoughts, denied suicidal or homicidal ideation, was fully oriented, and had good judgment and insight. Relying on this evidence, the ALJ found that Claimant's mental impairments were not of the intensity claimed.

The evidence submitted to the Appeal Council, records from Jack C. Montgomery VAMC dated November 24, 2015 through March 17, 2021, contradicts the ALJ's finding. Specifically, within these records, are treatment notes from Claimant's psychotherapy session indicating Claimant's mental impairments are consistent with his subjective complaints. Treatment notes

---

[2] This Court does note that the ALJ's analysis of Claimant's subjective complaints contains an inconsistency. Within the ALJ's summary of treatment records, he summarizes the relevant medical records relating to Claimant's mental limitations, including notations made from a 2020 counseling session. Yet, in the ALJ's analysis of Claimant's mental limitations, he notes that Claimant had not attended counseling throughout the review period. The review period in this case is from August 16, 2019, the date of alleged disability onset, through March 17, 2021, the ALJ's decision date. As such, Claimant's 2020 counseling sessions did occur during the review period. On remand, the ALJ should correct this discrepancy.

created by Audrey Stone, a Licensed Clinical Social Worker, from a March 15, 2021 psychotherapy session, concluded that although Claimant was appropriately dressed, was well groomed, was cooperative and engaged, had normal speech and tone, had a euthymic mood with appropriate affect, had normal psychomotor activity, had organized and goal directed thoughts, showed no evidence of hallucinations or delusion, was fully oriented with good judgment and insight, and denied suicidal or homicidal ideation, Claimant was still in need of further, more intensive mental treatment. Specifically, Stone referred Claimant to Prolonged Exposure Therapy to aid in emotionally processing of the trauma. Stone found that this was necessary as Claimant was unable to connect to more adaptive thoughts emotionally. This finding occurred despite Stone's note that Claimant reported that he had been successfully performing daily activities, that he was cleaning his house more, recently had fished with a friend, and was exploring his meaning and purpose.

Despite Claimant's normal mental assessments and subjective improvement of daily activities, Claimant's psychotherapist, Audrey Stone, found that Claimant needed more prolonged exposure therapy. Stone's finding suggests that the indicators the ALJ relied on to find the Claimant's subjective complaints inconsistent do not adequately reflect Claimant's mental impairments. If a normal mental assessment, lack of prescribed medications, and somewhat normal daily activities, was indicative Claimant's subjective complaints being inconsistent, Stone would not have referred Claimant to a more intense psychotherapy such as the prolonged exposure therapy. Stone's finding

directly contradicts the ALJ's reasoning.

In light of the new evidence submitted to the Appeals Counsel, the ALJ's decision is not supported by substantial evidence. Although this evidence was not available to the ALJ during his consideration, it was within the relevant period of time, occurring prior to the ALJ's decision. Accordingly, the ALJ on remand should reassess Claimant's subjective complaints, specifically in relation to the mental limitations, including consideration of the medical records submitted from Jack C. Montgomery VAMC dated November 24, 2015 through March 17, 2021. As this analysis may affect the ALJ's findings on RFC, the analysis of Claimant's RFC arguments could be affected on reconsideration. The ALJ is directed to re-analyze Claimant's RFC after considering the records from Jack C. Montgomery VAMC.

### Development of Vocational Expert Testimony

Claimant contends the ALJ failed to include all of Claimant's limitations in the hypothetical questions to the VE. Specifically, he asserts the ALJ failed to include proven limitations that Claimant has a likelihood of absenteeism, tardiness, or extra breaks. Further he asserts that the VE testified that if Claimant was off task for 1/8 of the workday or missed more than one day of work per month, which would result from Claimant's asserted limitations, Claimant would be unable to work. Due to the need for the ALJ to reassess Claimant's subjective complaints and RFC, the analysis of the VE testimony could be affected on reconsideration. As such, the ALJ is directed to re-analyze

and reconsider the questions to the VE after considering the new evidence submitted to the Appeals Council.

Due to these errors Claimant requested the Court reverse the ALJ's denial and remand for calculation of benefits. As this is the first appeal of the ALJ's decision, the Court finds it more appropriate that the case be remanded for further proceedings to give the ALJ an opportunity to correct his errors.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case be REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings

**DATED** this 7th day of September, 2022.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**